In the Matter of PLACID-MARCY Co., INC., Petitioner, against STATE LIQUOR AUTHORITY, Respondent.

Third Department, December 19, 1957.

*Elvin I. Unterman* and *James B. Wigdor* for petitioner.

*Emanuel D. Black* and *Arthur A. Klotz* for respondent.

BERGAN, J.   The petitioner's hotel liquor license has been suspended for 10 days for a violation of law and regulations in connection with another licensed premises of which petitioner was the lessor. The premises for which petitioner has a license and the premises in connection with which the violation occurred adjoin each other; and petitioner formerly had a separate hotel license for each premises.

The lease by petitioner of the adjoining premises included both rooms and restaurant; but simultaneously the lessee executed a lease-back instrument to petitioner by which petitioner retained the rooms of the premises and the lessee had the restaurant.

Notwithstanding the fact the lessee did not qualify for a hotel license because he was to operate only the restaurant and not a hotel in view of the lease-back to petitioner, the lessee applied for and received a hotel liquor license which carried with it certain advantages in respect of the time of commencement of his liquor sale operation and of the kind of operation that could be conducted, the precise details of which are not here important.

In the nature of things very strong presumptions attach to a liquor licensee's knowledge of what goes on in his own licensed premises; but where the violation of law or regulation occurs in respect of the operation of another licensed premises as a ground for suspension or revocation, it should be made clear that the licensee subject to disabilities had some direct knowledge of what went on.

The petitioner knew that the lessee intended to apply for a liquor license in the premises demised; and it knew the lessee would not be entitled to a hotel license; but there is no direct proof in this record that the petitioner knew that the lessee was applying for or received a hotel license.

The lease and lease-back might well be a device, as the Authority has found, by which the lessee could rent merely the restaurant and leave the petitioner in possession and operation of the rest of the hotel premises and at the same time make it possible for the lessee to obtain a hotel license although he had no hotel.

The undisputed proof is that the lessee showed the Liquor Authority investigator the lease for the whole hotel but not the lease-back to petitioner. But the lease-lease-back, which is a

device used in some kinds of legitimate real estate operations, could have had some other possible purpose. The explanation made by petitioner as far as it has been made intelligible to us, however, is that it was intended to mislead a liability insurance company having coverage on petitioner's hotel guests so as not to require coverage also of petitioner's guests who were accommodated in the leased-back premises.

The crucial question here is whether petitioner knew its lessee had received a hotel license rather than a restaurant license. If it had such knowledge, the petitioner was so intimately connected with the mechanics by which this was accomplished as to be deemed to have participated in the deception which concealed the nature of the lessee's occupancy from the Liquor Authority.

There is direct testimony by petitioner's president denying this knowledge. He categorically denied knowledge of the intention of the lessee to apply for a hotel license or that he had received one. The Authority's records are said to show that a letter was sent to petitioner as lessor stating that application for a license by the lessee had been approved and the license issued; but this is not clearly established in the record and was not proved at the hearing. The letter contained the symbol "HL", which was interpreted to signify "hotel license", but an affidavit by one of petitioner's officers states under oath this letter was not received.

Hence there seems to be no substantial evidence in the record as it has presently been developed that petitioner had knowledge of the kind of license issued to its lessee; and no attempt was made in the hearing to show the actual facts of petitioner's knowledge. It seems incredible to us that petitioner did not know that its lessee had a hotel license; and the facts upon which such knowledge could be found ought to be readily available.

Since petitioner remained in control of the rooms in the leased premises, the actual manner of service of petitioner's guests in or through the lessee's liquor facility; the practice of charging liquor to hotel accommodations and other practices pertinent to a hotel operation, if they actually occurred, should be available and should be established. The lessee and his employees and employees of petitioner should be examined on this point; a full examination into the knowledge by the petitioners of the significance of the symbol "HL" on the letter of notification should be had; and proof of mailing or full proof of notation in the Authority's records on mailing, should be established upon which a finding could be made of whether or not such notice was mailed to petitioner.

Finally, the presence of the officers or employees of petitioner in the leased premises and their knowledge in this or other ways of the actual liquor sales operation of the lessee should be fully explored.

The determination should be annulled, without costs, and the proceeding remitted to the respondent for its further proceedings

FOSTER, P. J., COON, HALPERN and GIBSON, JJ., concur.

Determination annulled, without costs, and the proceeding remitted to the respondent for its further proceedings.